11-5460-cv
Yan v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand thirteen.

PRESENT: PIERRE N. LEVAL,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

-----------------------------------------------------------------------

SUNAN YAN, SHA LIU,

*Plaintiffs-Appellants*,

v.                                                                  No. 11-5460-cv

CITY OF NEW YORK, RAYMOND KELLY, Commissioner for the New York City Police Department, DEPUTY INSPECTOR KEITH GREEN, Commanding Officer of NYPD 104th Precinct, NEW YORK CITY POLICE DEPARTMENT, EDWARD ZUNO, individually and in his official capacity as a New York City Police Officer, SERGEANT EDMUND SHERIDAN, a/k/a Sheridan, OFFICER JANE DOE, individually and in official capacity as a New York City Police Officer, Jane Doe being a fictitious name, the true name is not known at this time, MASSIMO CAPPELLA, JOSEPH CAPPELLA,

*Defendants-Appellees.*

-----------------------------------------------------------------------

FOR APPELLANTS: Sunan Yan, Sha Liu, *pro se*, Sunnyside, New York.

FOR APPELLEES: Larry A. Sonnenshein, Kathy H. Chang, of Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol B. Amon, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs Sunan Yan and Sha Liu appeal pro se from an award of summary judgment on their false arrest and malicious prosecution claims, see 42 U.S.C. § 1983, against the City of New York and various named and unnamed police employees and other persons.[1] We review an award of summary judgment de novo and will uphold the award only if the record evidence, viewed in the light most favorable to the non-moving party, reveals "no genuine dispute as to any material fact" and the movant's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a); see Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012). We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons given in the district court's comprehensive and well-reasoned Memorandum and Order.

---

[1] Because plaintiffs do not challenge the district court's rejection of their malicious prosecution claim in their filings on appeal, we deem that claim abandoned. See LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995).

2

An independent review of the record and pertinent case law reveals that the district court properly awarded summary judgment in favor of defendants on plaintiffs' Fourth Amendment false arrest claim. As the district court recognized, in determining that there was probable cause for Yan's arrest, defendants Sergeant Sheridan and Officer Zuno were entitled to credit the statements made by the purported crime victim and his brother, defendants Massimo and Joseph Cappella, and were not required to accept or investigate Yan's and Liu's contrary statements. See Panetta v. Crowley, 460 F.3d 388, 395–96 (2d Cir. 2006) ("[A]n officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause."); Jaegly v. Couch, 439 F.3d 149, 153 (2d Cir. 2006) (holding that officer need not "explore and eliminate every plausible claim of innocence before" probable cause will support arrest). Moreover, the record demonstrates that the Cappellas' account of Yan's altercation with Massimo Cappella was corroborated by at least one witness, Vincenza Cimino. While plaintiffs cite to a prior dispute that they had with Cimino in order to challenge her impartiality, the probable cause inquiry focuses on the knowledge of the arresting officers, and the district court correctly noted that there was no evidence that Sergeant Sheridan or Officer Zuno had any awareness of such a dispute when they arrested Yan. See Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996) ("Courts evaluating probable cause for an arrest must consider those facts available to the officer at the time of the arrest and immediately before it.").

Finally, we decline to consider medical evidence that plaintiffs offer for the first time on appeal, on the ground that it is not part of the record.  See Loria v. Gorman, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").

We have considered plaintiffs' remaining arguments and conclude that they are without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court